UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL A. MINCEY,

    Plaintiff,

v.                                             Case No: 5:20-cv-211-Oc-39PRL

WILLIAM STARLING, FNU
JENKINS and FNU WADE,

    Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Nathaniel Mincey, a pretrial detainee at the Lake County Detention Center, initiated this action by filing an incomplete Civil Rights Complaint (Doc. 1). Plaintiff moves to proceed in forma pauperis (Docs. 10, 12). The Court has twice directed Plaintiff to amend his complaint. See Orders (Docs. 3, 8). In its most recent Order, the Court informed Plaintiff he could not maintain a civil rights action against the Eustis Police Department and that his conclusory allegations failed to state a plausible excessive force claim against the individual officers. See Order (Doc. 8).

Plaintiff has filed a second amended complaint (Doc. 11; SAC), which is before the Court for screening under the Prison Litigation Reform Act (PLRA), which requires a district court to dismiss a

complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175

(11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

In his second amended complaint, Plaintiff names as Defendants Officer William Starling, Officer Brian Jenkins, Officer Cody Wade, and the Eustis Police Department. See SAC at 2-3. It is unclear whether Plaintiff intends to assert a false arrest claim or an excessive force claim. Plaintiff asserts Defendants violated his rights by wrongfully arresting him at his home and using excessive force during his arrest, causing injuries to his back. Id. at 4, 5. It appears Plaintiff primarily contests having been arrested at his home.[1] Id. at 12. He says that he asked the arresting officers to confirm he lived at the residence by checking his mail. Id.

To the extent Plaintiff seeks to pursue a false arrest claim, he fails to allege the arresting officers lacked probable cause. An arrest supported by probable cause is an "absolute bar to a subsequent constitutional challenge to the arrest." Gates v.

---

[1] The Court notes Plaintiff has also filed in this Court two petitions for writ of habeas corpus: one under 28 U.S.C. § 2254, see Case No. 5:20-cv-00250-Oc-35PRL, and one under 28 U.S.C. § 2241, see Case No. 5:20-cv-00252-Oc-33PRL.

Khokhar, 884 F.3d 1290, 1297 (11th Cir. 2018), cert. denied, No. 18-511, 2019 WL 113142 (U.S. Jan. 7, 2019). As such, Plaintiff does not state an actionable false arrest claim against Defendants.

To the extent Plaintiff alleges officers used excessive force during an otherwise valid arrest, he has not cured the pleading deficiencies the Court noted in its June 2, 2020 Order (Doc. 8).[2] First, he continues to name the Eustis Police Department as a Defendant, despite the Court informing him the police department is not a "person" subject to suit under 42 U.S.C. § 1983. Additionally, his allegations as to the arresting officers remain conclusory and vague, and he fails to allege a causal connection between the injuries he sustained and the actions of each Defendant/Officer.

While Plaintiff alleges the officers "ripped [him] off [his] yard" using excessive force, see SAC at 12, he provides no further explanation or detail permitting the reasonable inference that the officers' actions were objectively unreasonable under the circumstances. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015) (holding courts should apply an objective standard when

---

[2] To the extent Plaintiff primarily contests the fact of his arrest, a discrete "excessive force claim fails as a matter of law." See Bashir v. Rockdale Cty., Ga., 445 F.3d 1323, 1332 (11th Cir. 2006) ("[W]here an excessive force claim is predicated solely on allegations the arresting officer lacked the power to make an arrest, the excessive force claim is entirely derivative of, and is subsumed within, the unlawful arrest claim.").

4

assessing whether an officer used excessive force during an arrest, a standard that turns on "the facts and circumstances of each particular case," including what the officer knew and did).[3] Other than in vague and conclusory terms, Plaintiff does not explain the circumstances of the arrest. That Plaintiff was injured during the arrest does not permit the conclusion, without supporting facts, that the officers used more force than was necessary under the circumstances.[4] Id. at 2473. Cf. Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008) (noting that arresting officers may not use "gratuitous" force when a suspect is not resisting).

Plaintiff's allegations amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which

---

[3] Plaintiff also says the officers' actions were "negligen[t]," see SAC at 12, which fails to state an actionable civil rights violation. See Kingsley, 135 S. Ct. at 2472 (noting that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process") (emphasis in original).

[4] Plaintiff says he broke his back during the arrest, and he later had x-rays confirming as much. See SAC at 5, 12. He references "T3," id. at 5, which likely means he fractured the third vertebra in the thoracic region.

5

violations"). See also Barr v. Gee, 437 F. App'x 865, 877-78 (11th Cir. 2011) (affirming the district court's dismissal of an excessive force claim because the plaintiff did not allege facts describing the alleged beating or "permitting a plausible inference that the force [officers] used was unreasonable").

Because Plaintiff fails to state a claim for relief after twice being given an opportunity to do so, his second amended complaint is due to be dismissed without prejudice subject to his right to initiate a new case, if he elects to do so.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

6

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of June 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Nathaniel A. Mincey